# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

HARVEY LAMAR STUBBS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner,[1]

    Defendant.

CIVIL ACTION NO.: 5:15-cv-45

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this appeal pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's (the "Commissioner") final decision denying his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*. For the reasons set forth below, I **RECOMMEND** that the Court **GRANT** Defendant's Motion to Dismiss, (doc. 11), **DISMISS** Plaintiff's action, **DISMISS AS MOOT** Defendant's Motion to Strike, (doc. 22), and **DIRECT** the Clerk of Court to **CLOSE** this case.

## BACKGROUND

On September 18, 2013, Administrative Law Judge Foerster (the "ALJ") issued a decision denying Plaintiff's claims for disability insurance benefits and supplemental security income. (Doc. 11-2.) On March 19, 2015, the Appeals Councils sent Plaintiff a notice advising him that it had denied Plaintiff's request to review the ALJ's decision. (Doc. 11-3.) The notice

---

[1] The current Acting Commissioner of Social Security is Nancy A. Berryhill. Accordingly, the Court **DIRECTS** the Clerk of Court to replace Defendant Carolyn W. Colvin with Nancy A. Berryhill upon the docket and record of this case.

informed Plaintiff of his right to seek a court review of the ALJ's decision, how to begin such proceedings, and most pertinently, that he had sixty (60) days to timely file a civil action. (Id. at pp. 2–3.) The notice stated that the 60-day clock would commence upon Plaintiff's receipt of the notice, and that the Appeals Council would presume Plaintiff had received the notice five (5) days after it was issued. (Id. at p. 3.) Thus, Plaintiff had sixty-five (65) days from March 19, 2015—or until May 26, 2015[2]—to file his civil action. However, Plaintiff did not file this action until over a month later on June 29, 2015. (Doc. 1.)

## DISCUSSION

Section 405(g) authorizes judicial review of cases arising under Titles II and XVI of the Social Security Act. Section 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced <u>within sixty days after the mailing to him of notice of such decision</u> or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)(emphasis added). The Social Security Administration provides further clarification of the statute regarding the timely appeal process:

> Any civil action . . . <u>must be instituted within 60 days after the Appeals Council's notice of denial</u> of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, <u>the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice</u>, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c)(emphasis added). While equitable tolling "may apply to § 405(g)'s statute of limitations, before a court may do so it must apply 'traditional equitable tolling principles.'" Jackson v. Astrue, 506 F.3d 1349, 1355 (11th Cir. 2007). These traditional

---

[2] May 23, 2015, was a Saturday, and Monday, May 25, 2015, was Memorial Day, a federal holiday. Fed. R. Civ. P. 6(a)(1)(C).

2

equitable tolling principles require a claimant to "demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." Id. (emphasis in original).

The Appeals Council sent Plaintiff a notice of denial of request for review of the ALJ's decision on March 19, 2015. Under Section 422.210(c), Plaintiff is presumed to have received the notice no later than March 24, 2015. On the record before the Court, Plaintiff never indicated that he did not timely receive this notice. Although Plaintiff included a Notice of Change of Address in his Response to Defendant's Motion to Dismiss, (doc. 17, pp. 2, 6), his address at the onset of this case is identical to the address identified on the Appeals Council notice, (doc. 11-3, p. 1). Thus, the Court presumes that Plaintiff did in fact timely receive the Appeals Council notice.

Accordingly, Plaintiff had 60 days from March 24, 2015, to timely file a civil action. Instead, Plaintiff filed this case a month after the deadline to timely file had expired. Plaintiff provides no explanation for this delay, much less a showing of "extraordinary circumstances," to entitle him to equitable tolling.[3] Although Plaintiff emphasizes his *pro se* status in his Response, a plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Furthermore, "[i]gnorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." Jackson, 506 F.3d at 1356; see also Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling.").

---

[3] In fact, Plaintiff's Response is largely unresponsive to Defendant's Motion to Dismiss.

3

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Defendant's Motion to Dismiss, (doc. 11), **DISMISS** Plaintiff's action, **DISMISS AS MOOT** Defendant's Motion to Strike, (doc. 22), and **DIRECT** the Clerk of Court to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA